UNITED STATES of America,
Appellee,

v.

Jerry Ellsworth JONES, Appellant.

UNITED STATES of America,
Appellee,

v.

Roger P. LUND, Appellant.

Nos. 75–2456, 75–2532.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1975.
Rehearing Denied Feb. 13, 1976.

Certiorari Denied May 3, 1976.
See 96 S.Ct. 1745.

Robert L. Grimes (argued), San Diego, Cal., for appellants.

Stephen V. Petix, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

OPINION

Before ELY and GOODWIN, Circuit Judges, and PREGERSON,* District Judge.

PER CURIAM:

The appellants, in a trial without jury, were convicted of possessing 842 pounds of marijuana with intent to distribute the same, a violation of 21 U.S.C. § 841(a)(1). The marijuana was discovered by customs agents in a cabin of a 23-foot Thunderbird motorboat. The

---

* Honorable Harry Pregerson, United States District Judge, Los Angeles, California, sitting by designation.

suspicion of the customs agents had been aroused before the boat had put out to sea. They observed the boat as it returned and as the appellant loaded it upon a trailer connected to a van. After following the van and trailer for about 20 miles, the officers made their detention and search.

The only contention here made is that the search disclosing the marijuana was unlawful and that the substance should, as incriminating evidence, have been suppressed.

■ The Government argues that the search was lawful as an extended border search under 19 U.S.C. § 1581(a). This section purports to empower customs officials to go on board and search "at any time" any vessel "in the United States or within the Customs waters . . . ." and 19 U.S.C. § 1401(m) defines "Customs waters", as to an American vessel, as "the waters within 4 leagues [12 marine miles] of the coast of the United States." We reject this argument. Strict application of the literal language of the specified statutes would, as to certain individuals, including the present appellants, subvert the Fourth Amendment.[1]

■ Notwithstanding the above, the challenged search in the case before us was not unlawful. After the van had been stopped, one of the officers, according to his testimony, asked the appellant Jones if he, Jones, objected to a search of the boat by the officers. Jones replied, according to the officer, "No, I don't object. Go right ahead and search it." Later, after finding a cabin locked, one of the officers testified that he remarked to the appellant Jones that it would be necessary for the officers to search the cabin. The officer testified that Jones replied, "Sure. Go right ahead. Is there anything I can do to help you?" According to the prosecution's testimony, the officer then asked

for some tools, the appellant Jones voluntarily supplied the tools, the cabin door was pried open, and the contraband was discovered.

In the light of all the testimony, the trial court found as a fact that free and voluntary consent to the search of the boat had been given. We are not persuaded that this critical finding by the district judge was clearly wrong.

Affirmed.

---

1. *Cf. Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), holding that a license to search purportedly conferred by § 287(a)(3) of the Immigration and Nationality Act, 66 Stat. 233, 8 U.S.C. § 1357(a)(3), and a regulation issued by the Attorney General (8 C.F.R. § 2871) cannot undercut Fourth Amendment protections.